**UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**(EASTERN DIVISION)**

IN RE:

| | |
|---|---|
| Lashawnda Bland | Case No. 20-00850 |
| | Judge Hon. Donald R. Cassling |
| Debtor. | Chapter 13 |

## NOTICE OF MOTION OF SECURED CREDITOR FOR RELIEF FROM THE AUTOMATIC STAY AND TO WAIVE THE PROVISIONS OF FED.R.BANKR.P.4001(A)(3) OR IN THE ALTERNATIVE TO DISMISS THE CASE

Counsel for CFAI Special Assets LLC has filed a Motion with the Court for relief from the automatic stay and to waive the provisions of Fed.R.Bankr.P.4001(a)(3) or in the alternative to dismiss the case.

**Your rights may be affected.** **You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case.  (If you do not have an attorney, you may wish to consult one.)**

If you do not want the court to enter an order to modify the automatic stay, or if you want the court to consider your views on the Motion of Creditor For Modifying the Automatic Stay and Waiving the Provisions of Fed.R.Bankr.P. 4001(a)(3), or in the alternative to dismiss, you or your attorney must:

File with the court a written response or an answer at least two (2) business days prior to the presentment date as indicated below. If you mail your response to the court for filing, you must mail it early enough so the court will **receive** it on or before the date stated above.

Should an Objection be timely filed, the court will hold a hearing on the request for relief from the automatic stay and to waive the provisions of Fed.R.Bankr.P.4001(a)(3), or in the alternative to dismiss.

This hearing will take place on May 14th, 2020 at 9:30 p.m. before the Honorable Donald R. Cassling at the United States Bankruptcy Court 219 South Dearborn, Courtroom 619, Chicago, Illinois 60604.

Dated: May 6, 2020                    */s/ Marc G. Wagman*

## AFFIDAVIT OF SERVICE

I, Catherine Scanlan, declare under the penalty of perjury that on the 6th day of May, 2020, I served a copy of the Notice of Motion and Motion for Relief from Stay, Required Statement to Accompany Motion for Relief, Proposed Order for Relief, Proposed Order Dismissing, and Affidavit of Service upon:

| | |
|---|---|
| Lashawnda Bland | Tom Vaughn |
| 1055 N. Lorel | Chapter 13 Trustee |
| Chicago, IL 60651 | 55 E. Monroe Street, Suite 3850 |
| | Chicago, IL 60603 |

| | |
|---|---|
| Patrick S Layng | David M. Siegel |
| Office of the U.S. | David M. Siegel & Associates |
| Trustee, Region 11 | 790 Chaddick Drive |
| 219 S Dearborn St | Wheeling, IL 60090 |
| Room 873 | |
| Chicago, IL 60604 | |

By placing same in a well-sealed envelope, by first class mail, with the proper prepaid postage thereon and depositing same in a United States Mail receptacle in the City of Rochester, State of Michigan to the Debtor and interested parties, and via CM-ECF electronic filing to Debtor's Attorney, the Trustee and the Office of the US Trustee.

                                                              */s/ Catherine Scanlan*
                                                              Catherine Scanlan

**UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**(EASTERN DIVISION)**

IN RE:

   Lashawnda Bland                              Case No. 20-00850
                                                Judge Hon .Donald R. Cassling
          Debtor.                                Chapter 13

### MOTION OF CFAI SPECIAL ASSETS LLC FOR RELIEF FROM THE AUTOMATIC STAY, AND WAIVING THE PROVISIONS OF FED.R.BANKR.P.4001(A)(3) AS TO THE REAL PROPERTY LOCATED 1055 N LOREL AVE., CHICAGO, IL 60651 OR IN THE ALTERNATIVE TO DISMISS THE CASE

CFAI Special Assets LLC moves this Court, under § 362, and other sections of the Bankruptcy Reform Act of 1978, as amended (the "Bankruptcy Code") and under Rules 4001, 6007 and other rules of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for an Order modifying the automatic stay, imposed by 11 U.S.C § 362 and 1301 of the Bankruptcy Code, and for a waiver of the provisions of Fed. R. Bankr.P.4001(a)(3) or in the alternative to dismiss the case. In support of this Motion, the Movant states:

1.        The Debtor filed for chapter 13 bankruptcy relief on January 11, 2020.

2.        The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2).  Venue of this case and this Motion are proper under 28 U.S.C. §§ 1408 and 1409.

3.        On October 30, 2015 the Debtor listed above obtained a loan from LendingHome Funding Corporation in the amount for $87,100.00. Such loan was evidenced by a promissory note dated October 30, 2015 (the "Note"). Debtor executed a Mortgage dated October 30, 2015 (the "Mortgage"), conveying to LendingHome Funding Corporation a lien on real property (the "Collateral") owned by the Debtor, located 1055 N Lorel Ave., Chicago, IL 60651. The lien is the first lien on the collateral.

4. The Note and Security Agreement were transferred as follows: (a) on February 15, 2018 to LendingHome Funding Corporation the transfer is evidenced by an Assignment of Mortgage.

5. The note was signed on behalf of a non-party borrower L & T Development, LLC, and the loan was a commercial loan that would only be used by the company for business purposes, and that the company would not occupy or reside on the property while the loan was outstanding (See attached note as Exhibit "A").

6. The estimated market value of the Collateral may be $179,000.00. This valuation was obtained from Schedule "D" provided by the debtor. The current outstanding principal balance due on the Note is $177,715.84, plus interest accruing at the rate of 14.7500% per annum [$35.91] per day]. This amount may not include accrued interest, fees, late charges, escrow shortages or corporate advances.

7. Movant seeks an order for relief from the automatic stay in order to protect its lien pursuant to the terms of the security agreement, to the extent allowed by law. Movant may in lieu of foreclosure offer and provide Debtor with information re: a potential Forbearance Agreement, Loan Modification, Refinance Agreement, or other Loan Workout/Loss Mitigation options, and may seek to enter into such agreement with Debtor. Movant understands that it may not enforce or threaten to enforce any personal liability against Debtor if Debtor's personal liability is discharged in this bankruptcy case or while the case remains pending.

8. The Debtor filed her Chapter 13 Plan with the Court on January 11, 2020. Pursuant to the Chapter 13 Plan, the Debtor is seeking to pay the loan at a reduced interest rate 6.00%, and pay what the Debtor claims the amount owed is of $61,320.

9. The proof of claim shows that the amount due on the note is presently $177,715.84, at an interest rate of 14.75%, of which the entire balance accelerated due to the Debtor's default.

10. Debtor's Chapter 13 Plan has not yet been confirmed, and the Movant has a pending objection.

11. Debtor is seeking to impermissibly modify the rights of a business debt within her personal bankruptcy, and Debtor is seeking to cram down the amount owed on the property, and reduce the interest rate in direct contravention to 11 USC 1322 (b) (2).

12. Further, since the debt owed is a commercial loan on behalf of the Debtor's LLC, the property is not property of the estate, and the automatic stay does not arise as to the property.

13. There is no co-debtor stay as to the company's property, as the Debtor does not own the property but L & T Development LLC owns the property.

14. Debtor's petition and plan were filed in bad faith as part of a scheme to delay the foreclosure action between Movant and the LLC.

15. Movant is not adequately protected as the Debtor is not providing monthly payments pursuant to the note, nor is she proposing to pay the debt in full at the contract rate of interest.

16. Movant is entitled to relief from the automatic stay under §§ 362(d)(1). The Debtor is in material default of the mortgage obligations by a failure to make the required ongoing monthly mortgage payments.

17. Debtor is presently due for the June 1, 2019, monthly mortgage payment in the amount of $521.89 per month and each month thereafter.

18. The loan has accelerated, and there is a present default of $177,715.84 in pre-petition arrears to the Movant, which does not include attorney fees of $1,050.00 and costs of $181.00. The total default including attorney's fees and costs totals $178,765.84.

19. Based upon the foregoing, cause exists for modifying the automatic stay with a waiver of the provisions of Fed.R.Bankr.P.4001(a)(3) is appropriate; an order for relief should have immediate effect.

20. Movant, in the alternative, hereby requests the dismissal of the case for material default.

**WHEREFORE**, Movant prays for an Order from the Court for Relief from the Automatic Stay of 11 U.S.C § 362 of the Bankruptcy Code as to the Movant with respect to the subject property

located at 1055 N Lorel Ave., Chicago, IL 60651, or in the alternative dismissal of the case. Movant further requests that the provisions of Fed.R.Bankr.P. 4001(a)(3) be waived and that the Order for Relief from the Automatic Stay have immediate effect, and further, remain in effect notwithstanding the conversion of this bankruptcy case to a case under any other Chapter of Title 11 of the United States Bankruptcy Code.

                                                  Respectfully submitted,

Date:  May 6, 2020

                                                  ***/s/ Marc G. Wagman***
Potestivo & Associates, P.C.
Marc G. Wagman
223 W. Jackson Blvd., Suite 610
Chicago, Illinois 60606
mwagman@potestivolaw.com
Telephone: (312) 263-0003
Main Fax: (312) 263-0002
IL ARDC: 6282192
Attorneys for CFAI Special Assets LLC